

**FILED**
U. S. DISTRICT COURT
**EASTERN DISTRICT ARKANSAS**

FEB 2 5 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ZACHARY WILSON and SUSAN WATSON,**
**Each Individually and on Behalf of All**
**Others Similarly Situated**                                    **PLAINTIFFS**

vs.                          No. 4:19-cv-_148 - SWW_

**PB&J CONWAY RR LLC and**       This case assigned to District Judge _Wright_
**PB&J RESTAURANTS INC**         and to Magistrate Judge _Kearney_        **DEFENDANTS**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Zachary Wilson and Susan Watson (the "Plaintiffs"), each

individually and on behalf of all others similarly situated, by and through their attorneys

Blake Hoyt and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original

Complaint—Class and Collective Action against Defendants PB&J Conway RR LLC and

PB&J Restaurants Inc (collectively "Defendants"), they do hereby state and allege as

follows:

### I.    INTRODUCTION

1.      This is a class and collective action for unpaid minimum wages and unpaid

overtime wages owed to Plaintiffs and all other persons employed as tip-earning hourly-

paid employees by Defendants within the three years preceding the filing of this Original

Complaint.  Defendants own and/or operate Red Robin Gourmet Burgers and Brews in

Faulkner County ("Red Robin"), located at 1025 South Amity Road, Conway, Arkansas

72032, at which Plaintiffs were previously employed.

2.      Plaintiffs and other tip-earning hourly employees spent more than twenty percent (20%)—and usually substantially more—of their time performing non-tipped duties for Defendants such as performing side work, cleaning the restaurant, and other non-tipped duties. Because Plaintiffs and other tip-earning hourly employees spent more than 20% of their time performing non-tipped duties for Defendants, Defendants were not lawfully entitled to take advantage of the tip credit established by 29 U.S.C. § 203(m). Thus, Defendants were required to pay Plaintiffs and other tip-earning hourly employees at a rate equal to at least the applicable minimum wage per hour for their non-tipped work.

3.      Plaintiffs, each individually and on behalf of all other tip-earning hourly employees of Defendants, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq*. (the "AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' failure to pay Plaintiffs and all others similarly situated minimum wages and overtime wages as required by the FLSA and AMWA.

4.      Defendants' policies violate the FLSA because Plaintiffs and others similarly situated are not compensated at a minimum of $7.25 per hour.

5.      Defendants' policies violate the AMWA because Plaintiffs and others similarly situated are not compensated at a minimum of $8.50 per hour.

6.      Defendants' policies violate both the FLSA and the AMWA because Plaintiffs and others similarly situated were not paid a lawful overtime rate of one and one-half (1.5) times minimum wage, reduced by the standard tip credit, for all hours

worked in excess of forty (40) hours per week.

7.      Upon information and belief, for at least three years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

8.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

9.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.   This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

10.      The acts complained of herein were committed and had their principal effect against Plaintiffs within the Western Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

11.      Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.      Plaintiff Zachary Wilson is a citizen and resident of Faulkner County.

13.      Plaintiff Susan Watson is a citizen and resident of Faulkner County.

14.      Plaintiffs worked for Defendants during the three (3) years preceding the filing of this Complaint.

15.     At all times material hereto, Plaintiffs and all others similarly situated have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

16.     Defendant PB&J Conway RR LLC ("PB&J Conway"), is a foreign limited liability company that owns and operates restaurant franchises throughout Arkansas, including the Red Robin in Conway.

17.     Defendant PB&J Conway's registered agent for service of process in Arkansas is PB&J Restaurants Inc, and the agent's address is 17711 Chenal Parkway, Little Rock, Arkansas 72223.

18.     Defendant PB&J Restaurants Inc ("PB&J Restaurants"), is a foreign for-profit corporation that owns and operates restaurant franchises throughout the United States and Arkansas, including the Red Robin in Conway.

19.     Defendant PB&J Restaurants's, registered agent for service of process in Arkansas is National Registered Agents Inc of AR, and the agent's address is 455 West Maurice Street, Hot Springs, Arkansas 71901.

20.     Defendant PB&J Restaurants is the parent company of Defendant PB&J Conway; together, Defendants jointly did business in Arkansas as Red Robin.

21.     Defendants, together d/b/a Red Robin, acted jointly as the employer of Plaintiffs and the proposed collective and class members and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

22.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

23.    As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

24.    Defendants were at all times relevant to this lawsuit Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, Ark. Code Ann. § 11-4-203.

## IV.    FACTUAL ALLEGATIONS

25.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

26.    Plaintiffs were employed by Defendants as hourly-paid tip-earning employees during the time period relevant to this lawsuit.

27.    Defendants directly hired Plaintiffs and other hourly tip-earning employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

28.    Plaintiffs and others similarly situated work(ed) as hourly, non-exempt employees at Red Robin.

29.    Plaintiffs and others similarly situated regularly work(ed) in excess of forty (40) hours each week.

30.    It was Defendants' commonly applied policy to not pay Plaintiffs and others similarly situated a lawful overtime premium for all hours worked over forty (40) in a given week.

31.    Defendants did not pay Plaintiffs and others similarly situated a lawful overtime premium of one and one half (1.5) times the applicable minimum wage, less the

applicable tip credit, for all time worked in excess of forty (40) hours in one or more weeks during the period of time relevant to this lawsuit.

32.    Plaintiffs and others similarly situated were and are entitled to lawful overtime compensation in the amount of one and one half (1.5) times the applicable minimum wage for all time worked in excess of forty (40) hours per week, as Defendants cannot claim a tip credit due to Plaintiffs and others similarly situated spending more than twenty percent (20%) of their time performing non-tipped work.

33.    Defendants paid, and continue to pay, Plaintiffs and others similarly situated less than the federal minimum wage of $7.25 per hour and the Arkansas minimum wage $8.50 per hour. Instead of paying the required minimum wage, Defendants purport to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

34.    Defendants do not inform their employees of the provisions of 29 U.S.C. § 203(m).

35.    Plaintiffs and others similarly situated performed both duties that generated tips, such as delivering food and beverages to customers ("tipped work"), and duties that did not generate tips, such as cleaning the restaurant, performing side-work and rolling silverware ("non-tipped work").

36.    Plaintiffs and others similarly situated were required to work at a rate of less than minimum wage when they were doing non-tipped work.

37.    Upon reasonable information and belief, Defendants do not distinguish between time spent by hourly tip-earning employees on tipped work and time spent by hourly tip-earning employees on non-tipped work.

38.    Non-tipped duties occupy more than twenty percent (20%) of Plaintiffs' time

and the time of others similarly situated.

39.     Defendants paid Plaintiffs and others similarly situated the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

40.     Defendants required Plaintiffs and others similarly situated to clock out and continue working if their number of hours worked during the week were approaching forty (40), in order to avoid paying for overtime.

41.     All tips earned by Plaintiffs and others similarly situated were placed in a "tip pool" that would be distributed at the time of the restaurant's closing each day.

42.     The tip pool would be distributed to many classes of employees of Defendants, including employees that were paid at an hourly rate and were not tip-earning employees.

43.     Additionally, if Plaintiffs or others similarly situated did not work until the time the restaurant closed, they would not receive any portion of the tips they had earned during their shift that day.

44.     Plaintiffs and others similarly situated are entitled to wages and compensation based on the standard minimum wage for all hours worked and a lawful overtime premium for all hours worked in excess of forty (40) each week.

45.     At all relevant times, Defendants knew or should have known that Plaintiffs and others similarly situated were working hours for which they were not receiving proper compensation, that Plaintiffs and others similarly situated were spending more than twenty percent (20%) of their working time performing non-tipped work, and that Plaintiffs and others similarly situated were being denied their earned tips by distributing them after their shifts ended to the exclusion of Plaintiffs and others similarly situated and by

distributing the tips to employees that did not perform tipped work.

46.    At all relevant times, Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and others similarly situated violated the FLSA and the AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Collective

47.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

48.    Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

49.    Plaintiffs bring their FLSA claims on behalf of all hourly-paid tip-earning employees employed by Defendants at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    A lawful minimum wage for all hours worked;

B.    A lawful overtime premium for all time worked for Defendants in excess of forty (40) hours in each workweek;

C.    Liquidated damages; and,

D.    A reasonable attorney's fee and costs.

50.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibits A and B their written Consents to Join this lawsuit.

51.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

52.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were subject to Defendants' common policy of paying less than minimum wage;

B.    They were subject to Defendants' common policy of not paying a lawful overtime rate for time worked in excess of forty (40) hours per week;

C.    They had to place their earned tips into a "tip pool" that was distributed by Defendants at the end of each day;

D.    They were required to clock out and continue working off-the-clock if their hours worked during a workweek were approaching forty (40);

E.    They spent more than 20% of their time performing non-tipped duties for Defendants; and

F.    They were paid hourly.

53.    Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds forty (40) persons.

54.    In the modern era, most working-class Americans have become increasingly reliant on electronic means of communication, such as email and, most particularly, text messages, and generally use them more often in their daily lives than traditional U.S. Mail.

55.    Defendants can readily identify the members of the Section 16(b) Collective. The names, email addresses, cell phone numbers, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class

mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

56.     At all relevant times, Defendants directly hired members of the collective to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

57.     At all relevant times, each member of the collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

### B.     AMWA Rule 23 Class

58.     Plaintiffs, each individually and on behalf of all other hourly-paid tip-earning employees of Defendants within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59.     Plaintiffs propose to represent the class of hourly-paid tip-earning employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

60.     The class is so numerous that joinder of all members is impractical.  While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that over forty (40) class members have worked for Defendants without appropriate pay, as described herein, throughout the applicable statutory period within the State of Arkansas.

61.    This litigation is properly brought as a class action because of the existence of questions of fact and law common to the members of the proposed class which predominate over any questions affecting only individual members, including:

A.    Whether Plaintiffs and others similarly situated were required to perform non-tipped duties for more than 20% of their time while employed by Defendants;

B.    Whether Defendants informed Plaintiffs and others similarly situated about the requirements of 29 U.S.C. § 203(m);

C.    Whether Defendants satisfied their obligation to pay Plaintiffs and others similarly situated the minimum wage required by the FLSA and the AMWA;

D.    Whether Defendants satisfied their obligation to pay Plaintiffs and others similarly situated a proper and lawful overtime rate for all hours worked in excess of forty (40) in each workweek;

62.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

63.    This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the proposed class, in that Plaintiffs and others similarly situated were denied their wages as a result of Defendants' uniform policy of requiring Plaintiffs and those similarly situated to spend more than 20% of their time on

non-tipped duties, failing to track tips earned by employees and increase hourly compensation where appropriate to ensure Plaintiffs and others similarly situated earned at least minimum wage for each hour worked up to forty (40) per workweek, and for not paying a lawful overtime premium to Plaintiffs and others similarly situated for all time worked in excess of forty (40) per workweek. These are the predominant issues that pertain to the claims of Plaintiffs and of others similarly situated.

64.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

65.     Concentrating the litigation in this forum is highly desirable because Defendants operate a facility in or are based in the Western District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

66.     No difficulties are likely to be encountered in the management of this class action.

67.     The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly-paid tip-earning employees for Defendants and experienced the same violations of the AMWA that all other class members suffered.

68.     Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

69.     Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

70.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

71.     Plaintiffs and the members of the putative class have suffered, and will continue to suffer, irreparable damage from Defendants' illegal policy, practice, and custom regarding pay hourly-paid tip-earning employees.

## VI.     FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

72.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

73.     This is a collective action filed on behalf of all hourly-paid tip-earning employees employed by Defendants within the three years preceding the filing of this Complaint to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for unpaid minimum wages because they were required to spend more than 20% of their time on non-tipped duties and because they did not receive a proper distribution of tips they earned and for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

74.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violations of the FLSA.

75.     At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection and benefits provided by the FLSA.

76.     At all relevant times, Plaintiffs and all similarly situated employees have

been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

77.    Defendants failed to pay Plaintiffs and all similarly situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

78.    Defendants failed to pay Plaintiffs and all similarly situated employees a proper overtime rate for all time worked in excess of forty (40) hours per week, despite their entitlement thereto.

79.    Because these employees are similarly situated to Plaintiffs, and are owed minimum wage and overtime compensation for the same reasons, the proposed collective is properly defined as follows:

**All employees for whom Defendants took advantage of a tip credit at any time within the past three years.**

80.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

81.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid minimum wages, unpaid overtime wages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as provided by the FLSA for all violations that occurred beginning at least three years preceding the filing of this Complaint, plus periods of equitable tolling.

82.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Class Action Claim for Violations of AMWA)

83.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

84.    Plaintiffs, each individually and on behalf of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq.*

85.    At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the AMWA.

86.    At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

87.    At all relevant times, Defendants were an "employer" of Plaintiffs and all other similarly situated employees, as defined by Ark. Code Ann. § 11-4-203(4).

88.    Defendants failed to pay Plaintiffs and other similarly situated employees the minimum wages required under the AMWA for tipped work and for non-tipped work.

89.    Plaintiffs propose to represent the AMWA liability class of individuals defined as follows:

**All employees in Arkansas for whom Defendants took advantage of a tip credit at any time within the past three years.**

90.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

91.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the class members for monetary damages, liquidated damages and costs, including a reasonable attorney's fee as provided by the AMWA, for all violations that

occurred beginning at least three years preceding the filing of this Complaint, plus periods of equitable tolling.

92.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiffs and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime wages described above pursuant to Ark. Code Ann. § 11-4-218.

93.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the class members as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Plaintiff Wilson's Individual Claim for Violation of the FLSA)

88.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

89.     At all relevant times, Plaintiff Wilson has been entitled to the rights, protection, and benefits provided by the FLSA.

90.     At all relevant times, Wilson has been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

91.     At all relevant time, Defendants were jointly Wilson's "employer" as defined by 29 U.S.C. § 203(d).

92.     Defendants failed to pay Wilson the minimum wages required under the FLSA for tipped work and for non-tipped work.

93.     At all relevant times, Defendants willfully failed and refused to compensate Wilson for all hours worked at the standard minimum wage under the FLSA because

Defendants paid Wilson an amount less than minimum wage in reliance upon a tip credit, and Defendants required Wilson to perform non-tipped work at this same rate and also did not distribute all earned tips to Wilson.

94.     Defendants' violations entitle Wilson to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

95.     Additionally, 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

96.     Special rules apply when calculating the proper overtime rate for tipped employees, in which overtime is calculated as one and one-half (1.5) times minimum wage, and then subtract the applicable tip credit from that rate. However, employers do not receive the benefit of the tip credit if the employees wages and tips combined do not equal at least minimum wage, where the employees spend more than twenty percent (20%) of their work time on non-tipped work, or where employers do not maintain accurate and sufficient records of tip income and time spent by employees doing tipped work versus non-tipped work.

97.     Defendants failed to pay Wilson a proper and lawful overtime rate for all time worked in excess of forty (40) hours per week, despite his entitlement thereto.

98.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

99.    By reason of the unlawful acts alleged herein, Defendants are liable to Wilson for, and Wilson seeks, unpaid minimum wages, unpaid overtime wages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as provided by the FLSA.

100.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Wilson as provided by the FLSA, Wilson is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    FOURTH CLAIM FOR RELIEF
### (Plaintiff Wilson's Individual Claim for Violation of the AMWA)

101.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

102.    At all relevant times, Plaintiff Wilson has been entitled to the rights, protection, and benefits provided by the AMWA.

103.    At all relevant times, Wilson has been an "employee" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

104.    At all relevant times, Defendants were an "employer" of Wilson as defined by Ark. Code Ann. § 11-4-203(4).

105.    Defendants failed to pay Wilson the minimum wages and overtime wages required under the AMWA for tipped work and for non-tipped work.

106.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

107.    By reason of the unlawful acts alleged herein, Defendants are liable to Wilson for monetary damages, liquidated damages and costs, including a reasonable attorney's fee as provided by the AMWA, for all violations which occurred beginning at

least three years preceding the filing of this Complaint, plus periods of equitable tolling.

108.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Wilson is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime wages described above pursuant to Ark. Code Ann. § 11-4-218.

109.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Wilson as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## X.    FIFTH CLAIM FOR RELIEF
### (Plaintiff Watson's Individual Claim for Violation of the FLSA)

110.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

111.    At all relevant times, Plaintiff Watson has been entitled to the rights, protection, and benefits provided by the FLSA.

112.    At all relevant times, Watson has been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

113.    At all relevant time, Defendants were jointly Watson's "employer" as defined by 29 U.S.C. § 203(d).

114.    Defendants failed to pay Watson the minimum wages required under the FLSA for tipped work and for non-tipped work.

115.    At all relevant times, Defendants willfully failed and refused to compensate Watson for all hours worked at the standard minimum wage under the FLSA because Defendants paid Watson an amount less than minimum wage in reliance upon a tip credit,

and Defendants required Watson to perform non-tipped work at this same rate and also did not distribute all earned tips to Watson.

116.    Defendants' violations entitle Watson to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

117.    Additionally, 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

118.    Special rules apply when calculating the proper overtime rate for tipped employees, in which overtime is calculated as one and one-half (1.5) times minimum wage, and then subtract the applicable tip credit from that rate. However, employers do not receive the benefit of the tip credit if the employees wages and tips combined do not equal at least minimum wage, where the employees spend more than twenty percent (20%) of their work time on non-tipped work, or where employers do not maintain accurate and sufficient records of tip income and time spent by employees doing tipped work versus non-tipped work.

119.    Defendants failed to pay Watson a proper and lawful overtime rate for all time worked in excess of forty (40) hours per week, despite his entitlement thereto.

120.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

121.   By reason of the unlawful acts alleged herein, Defendants are liable to Watson for, and Watson seeks, unpaid minimum wages, unpaid overtime wages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as provided by the FLSA.

122.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Watson as provided by the FLSA, Wilson is entitled to an award of prejudgment interest at the applicable legal rate.

### XI.   SIXTH CLAIM FOR RELIEF
### (Plaintiff Watson's Individual Claim for Violation of the AMWA)

123.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

124.   At all relevant times, Plaintiff Watson has been entitled to the rights, protection, and benefits provided by the AMWA.

125.   At all relevant times, Watson has been an "employee" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

126.   At all relevant times, Defendants were an "employer" of Watson as defined by Ark. Code Ann. § 11-4-203(4).

127.   Defendants failed to pay Watson the minimum wages and overtime wages required under the AMWA for tipped work and for non-tipped work.

128.   Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

129.   By reason of the unlawful acts alleged herein, Defendants are liable to Watson for monetary damages, liquidated damages and costs, including a reasonable attorney's fee as provided by the AMWA, for all violations which occurred beginning at

least three years preceding the filing of this Complaint, plus periods of equitable tolling.

130.   Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Watson is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime wages described above pursuant to Ark. Code Ann. § 11-4-218.

131.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Watson as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## XII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Zachary Wilson and Susan Watson, each individually and on behalf of all others similarly situated, respectfully request this Court grant the following relief:

a)   That each Defendant be summoned to appear and answer herein;

b)   That Defendants be required to account to Plaintiffs, the collective and class members, and the Court for all of the hours worked by Plaintiffs and the collective and class members and all monies paid to them;

c)   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

d)   A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.*, and the related regulations;

e)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

f)     Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiffs and members of the class and collective from a period of three years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

g)     Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiffs and members of the class and collective from a period of three years prior to this lawsuit through the date of trial under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.*, and the related regulations;

h)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

i)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-20, *et seq.*, and attendant regulations;

j)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201 *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage and all unpaid overtime compensation from a period of three years prior to this lawsuit through the date of trial owed to Plaintiffs and members of the class and collective;

i)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.*, and the relating regulations

j)      An order directing Defendants to pay Plaintiffs and members of the collective and class prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

k)      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**ZACHARY WILSON and SUSAN WATSON, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Blake Hoyt
Ark Bar No. 2014252
blake@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com